**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10034 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:08-cr-00027-GMN-GWF-1 |
| GREGORY HOFFMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted August 17, 2021[**]

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Gregory Hoffman appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

Hoffman contends that the district court erred by treating U.S.S.G. § 1B1.13

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

as an applicable policy statement and abused its discretion in concluding that Hoffman's release would pose a danger to the public. This court recently held that the current version of § 1B1.13 is not binding as applied to § 3582(c)(1)(A) motions brought by defendants. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). While the district court appears to have improperly applied § 1B1.13 in assessing Hoffman's dangerousness, it also found that Hoffman's release was not warranted under the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and the need to protect the public. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Given the record before the district court, it did not abuse its discretion in denying relief under § 3553(a). *See Aruda*, 993 F.3d at 799 (stating standard of review); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, the court's § 3553(a) analysis alone provides a basis to affirm. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**AFFIRMED.**